UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA MICHLESKI, | : | Civil Action No. 2:17-cv-57 |
| Plaintiff, | : | |
| | : | Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Terence P. Kemp |
| CONTACTABILITY.COM LLC d/b/a | : | **AGREED PROTECTIVE ORDER** |
| UnitedStatesInsurance.com, | : | |
| Defendant. | : | |

Plaintiff Veronica Michleski ("Michleski") and Defendant Contactability.com LLC, ("Contactability") have represented to the Court that a Protective Order ("Protective Order") is necessary in this case. According to the parties, such an Order will minimize the disclosure of confidential materials or trade secrets through discovery, thus streamlining the discovery process and minimizing the need for Court intervention. This Court hereby finds that the entry of this Protective Order is necessary and desirable to achieve that end, and good cause therefore appearing for the entry of this order, it is hereby ORDERED as follows:

1. **DEFINITIONS:** In connection with discovery in this action, including the production of electronically-stored information ("ESI"), documents and things, discovery responses, deposition and trial testimony and exhibits, or any other material that contains trade secrets or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c), or any information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c) (hereinafter collectively referred to as "Confidential Information"), a party or non-party who in good faith deems such materials to contain Confidential Information may designate

such as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order. The designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall apply to ESI, documents, discovery responses, deposition testimony or exhibits, trial testimony or exhibits, or any other materials that contain proprietary and/or competitive information regarding, *inter alia*, research, development, internal operations, costs, pricing, financial information, customer information, sales, marketing, technical information or other trade secrets, which would not be disclosed in the ordinary course of business without an obligation of confidentiality and which if otherwise disclosed would cause the disclosing party competitive and/or commercial harm or could place the receiving party at a competitive advantage.

2. **DISPUTED MATERIALS**: Subject to a contrary ruling by this Court, nothing in this Protective Order requires Michleski or Contactability to produce ESI, documents and things, discovery responses, and/or allow deposition or trial testimony reflecting, referring, or relating in any way to any document or ESI that Michleski or Contactability have objected to as confidential, proprietary, irrelevant, non-responsive or privileged. Should this Court order that any document or ESI that Michleski or Contactability have objected to as confidential, proprietary, irrelevant, non-responsive or privileged is discoverable, the documents, ESI, and things, discovery responses, deposition testimony, and/or deposition exhibits reflecting, referring, or relating to any disputed document(s) or ESI will be subject to the terms, conditions, and protections of this Protective Order. Notwithstanding the above, nothing in this paragraph will operate to expand or modify any Order by this Court regarding the discoverability of information that any party objected to as confidential, propriety, irrelevant, non-responsive or privileged and/or limit the parties' ability to file objections, or to file any appeal pursuant to the Federal Rules of Civil Procedure.

3. **DESIGNATION AND USE**:

    a.    <u>Production</u>: Any ESI, documents, things, discovery responses, or any other material or portions thereof designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be so designated by the producing party or non-party at the time of their production by stamping, writing or affixing the designated materials with the legend "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or if necessary for materials which cannot be conveniently designated in the manner set forth above (such as models or electronic files), by separate written statement and/or by so labeling the media on which the electronic files are produced, or as set forth in Paragraph 4 of this Protective Order. The availability of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall not constitute a basis for requiring production of ESI, documents and things that are otherwise privileged, irrelevant, non-responsive and/or subject to dispute regarding its discoverability.

    b.    <u>Depositions</u>: If any question asked during a deposition calls for the disclosure of Confidential Information, counsel for the disclosing party may, to the extent possible, designate those portions of the depositions for which such claim is made at the time the testimony is given. The transcript or portions thereof shall be stamped "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," except as otherwise set forth in Paragraph 4 of this Protective Order.

i.      After transcription, any party may appropriately designate portions of the transcript of depositions as containing Confidential Information by providing written notice of such designation is given to the other party within fourteen (14) days after receipt of the transcript. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript.

ii.      Receiving parties shall not disseminate a deposition transcript, the contents thereof, or exhibits thereto beyond the class of Qualified Persons designated in subparagraphs 7(A)(b) and 7(B)(b) and/or consultants or experts as described in subparagraphs 7(A)(g) and 7(B)(d) herein for a period of twenty-one (21) days after receipt in order to allow adequate time for notice as set forth in subparagraph 3(b)(i) of this paragraph.

c.      <u>Filing with the Court:</u> Any party seeking to file Confidential Information, properly designated under this Protective Order, shall seek leave of Court as set forth in Local Civil Rule 5.2.1 and attempt to file that information under seal and shall further comply with all other procedures set forth in that Local Rule. Filing of Confidential Information under seal shall not prevent or limit access of that information consistent with this Protective Order by the Court or counsel of record for the parties.

d.    The designation of any ESI, document or other material as "CONFIDENTIAL" or **"ATTORNEYS' EYES ONLY"** shall not preclude any party from showing such Confidential Information to any person who appears as the author or as an addressee or recipient on the face of the ESI or document, or who has been provided with the ESI, document or the information therein by the designating party pursuant to paragraph 7 herein;

e.    Confidential Information shall be used solely for the purposes of this litigation and shall not be used for any business, commercial, competitive or personal use, or other proposed or pending litigation. However, nothing in this Protective Order is intended to prevent or restrict any party or non-party from using or disclosing its own Confidential Information in any manner or for any purpose. Nor shall this Protective Order restrict the use or disclosure by a party or non-party of materials obtained in good faith and independently of discovery in this action or obtained or obtainable from another source or already in the possession or knowledge of a party or non-party, who is not obligated to maintain such ESI or documents in confidence.

f.    All ESI, documents and/or tangible things comprising or containing Confidential Information, and all transcripts of testimony or exhibits thereto and copies of Court-filed papers containing Confidential Information, other than those on file with the Court, shall be kept only in the possession of the counsel of record in this litigation, or with their

consultants or experts, or organizations/individuals retained to provide litigation support services and as part of the scope of their activity in this litigation.

g.    The terms of this Protective Order shall not prejudice the right of any party to introduce at trial information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," but may do so only after giving notice to the Court and opposing counsel and after taking adequate measures to protect such Confidential Information pursuant to this Protective Order.

4.    **SUBSEQUENT DESIGNATION OF MATERIAL**: A producing party or non-party may designate under Paragraphs 1 through 3 hereof any material it deems to be Confidential Information that it previously produced, but did not, through inadvertence or error, designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the production or during deposition testimony. Such designation should be made as promptly after the discovery or inadvertent production as possible. However, such subsequent designation shall be effective only as of the date it is received. The absence of any notice of confidentiality on any materials disclosed shall not constitute waiver or give rise to an inference that the information disclosed is not Confidential Information. The subsequently designating party or non-party shall notify each other party in writing specifically identifying the ESI, documents and/or things by production number or otherwise, and that the identified ESI, documents and/or things should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Upon receipt of such written notice, receiving counsel shall:

a.   immediately take reasonable steps to retrieve any subsequently designated material in the possession of any person not identified as a "Qualified Person" under Paragraph 7(A) hereof for Confidential Information designated as CONFIDENTIAL and Paragraph 7(B) for Confidential Information designated as "ATTORNEYS' EYES ONLY" and notify any person known to have possession of the material of the effect of such designation;

b.   if not objecting to the subsequent designation, affix the appropriate legend on the newly designated material in accordance with Paragraphs 3 and 4 hereof;

c.   if objecting to the subsequent designation, counsel shall treat the materials at issue as designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pending resolution of the objection. Any objections shall be in accordance with Paragraph 6 hereof;

d.   the producing party or non-party, if requested by the receiving counsel, will provide (at its own cost) a substitute copy of the materials being subsequently designated that are stamped, printed or affixed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

If the materials are subsequently designated in accordance with the terms of this Protective Order, failure to originally designate those materials as Confidential Information shall not necessarily be deemed a waiver of any claims of confidentiality.

5. **PRIVILEGED MATERIAL**: In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine, joint defense privilege, common interest doctrine and/or other applicable privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials. Within five (5) business days of the notification of such inadvertent disclosure, the disclosing party shall produce a privilege log with respect to the inadvertent disclosure. The receiving party may move the Court for an Order compelling the inadvertent disclosure information after informal efforts to resolve the dispute have failed. Such a motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertent disclosure information.

6. **OBJECTIONS**: A party may move the Court for an order that material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or privileged is not, in fact, confidential or privileged. On such a motion, the party asserting confidentiality or privilege shall have the burden of proving that: (a) the information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains trade secrets or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c) or otherwise consists of other information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c), or in the case of a challenge to a privilege designation, that the privilege falls within the attorney-

client privilege, work product doctrine, joint defense privilege, common interest doctrine and/or any other applicable privilege or immunity. Before such a motion is brought, the parties will employ their best efforts to resolve their differences informally. No party shall be obligated to challenge a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or privileged designation, and failure to do so shall not preclude a subsequent challenge to such a designation. Designations, challenges to designations, and failures to challenge designations made pursuant to this Protective Order are not an admission or waiver of any party with respect to the competency, relevance, or materiality of any such information, and are not admissible in evidence on the trial of any issue in this case, including the issue of whether the information is in fact confidential or privileged.

7. **QUALIFIED PERSONS To RECEIVE MATERIAL DESIGNATED AS "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY":**

   a. **CONFIDENTIAL:** Confidential Information designated as "CONFIDENTIAL" may be disclosed, displayed or otherwise made available by the party or non-party receiving such information only to:

      i. the Court after taking reasonable steps to protect the confidentiality of such material;

      ii. counsel of record to the parties to this action, and the members and employees of the law firms of counsel of record, and organizations/individuals retained by counsel to provide litigation support services in this action and the employees of those organizations; provided, however, that notwithstanding the foregoing, attorneys outside of the law firm(s) who have appeared as counsel of record in this case cannot be shown or told about

Confidential Information unless such attorneys file, or are in the process of filing, an appearance in this action, so long as a current counsel of record represents in good faith that there are no known facts which would prohibit the non-record attorney from appearing in the case. Each organization/individual retained by counsel to provide litigation support services must execute the certification set forth as Exhibit A hereto;

iii.     court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

iv.     individuals named as parties in this case and the directors, officers and employees of each party; and

v.     consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. Each consultant or expert must execute the certification set forth as Exhibit B hereto.

**b.**     **ATTORNEYS' EYES ONLY**: Confidential Information designated as "ATTORNEYS' EYES ONLY" may be disclosed, displayed or otherwise made available by the party or non-party receiving such information only to:

i.     the Court after taking adequate steps to protect the confidentiality of such material;

ii.    counsel of record to the parties to this action, and the members and employees of the law firms of counsel of record, and organizations/individuals retained by counsel to provide litigation support services in this action and the employees of those organizations; provided, however, that notwithstanding the foregoing, attorneys outside of the law firm(s) who have appeared as counsel of record in this case cannot be shown or told about Confidential Information unless such attorneys file an appearance in this action, or are in the process of filing an appearance, so long as a current counsel of record represents in good faith that there are no known facts which would prohibit the non-record counsel from appearing in the case. Each organization/individual retained by counsel to provide litigation support services must execute the certification set forth as Exhibit A hereto;

iii.    court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers; and

iv.    consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. Each consultant or expert must execute the certification set forth as Exhibit B hereto.

c.    **INADVERTENT DISCLOSURE** Should any Confidential Information be inadvertently disclosed to any person or party not otherwise a

"Qualified Person" as designated herein, then the party who inadvertently disclosed the information shall promptly inform the other party of such inadvertent disclosure and shall promptly inform the non-qualified receiver of such inadvertent disclosure and exercise all reasonable efforts to retrieve any Confidential Information so disclosed.

8. **SUBPOENAS**: If a party holding another party's Confidential Information is subpoenaed by any other court, administrative or legislative body, or other person with authority to issue subpoenas (the "Receiving Party"), the Receiving Party must provide notice of the subpoena to the original producing party's counsel within 3 days of receiving the subpoena. To the extent permitted by applicable law, the Receiving Party shall not produce any of the original producing party's Confidential Information for a period of at least fourteen days after providing the required notice as set forth herein. If, within fourteen days of receiving such notice, the original producing party provides written notice to the Receiving Party that it opposes production of its Confidential Information, then the Receiving Party shall not thereafter produce such Confidential Information except pursuant to a Court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The original producing party shall be solely responsible for asserting any objection to the requested production and for any costs and fees, including sanctions, that are incurred as a result of withholding the Confidential Information pursuant to the terms of this Order. The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of Confidential Information. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of Confidential Information covered by this Order, or to subject

itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

**9.**     **NON-PARTIES / THIRD PARTIES**: This Protective Order shall apply to any discovery in this action provided by any non-party, by deposition, production of documents or otherwise, so long as the non-party signs the Undertaking attached hereto as Exhibit A. Any ESI, documents, things, discovery responses, or depositions or portions thereof considered by the non-party to be "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be so designated by stamping the designated materials with the legend "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or if necessary, by separate written statement, or as set forth in Paragraph 3 of this Protective Order.

This Protective Order shall also apply to non-parties to whom Confidential Information has been produced during discovery in this action. Such production is required to be made to the non-party only after the non-party signs the Undertaking attached as Exhibit A.

**10.**     **POST-LITIGATION**: The provisions of this Order shall survive the termination of this litigation. Upon termination of this action, whether by judgment and the exhaustion of appeal, settlement or otherwise, all Confidential Information (including all copies) shall be destroyed by shredding if the party originally designating the document as confidential specifically requests the destruction of the documents. However, counsel of record will not have to destroy and may retain for their files copies of any papers served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Information. This Court shall retain jurisdiction over the parties and recipients of any Confidential Information for enforcement of the provisions of this Protective Order following termination of this litigation.

11.    **AMENDMENTS:**    This Protective Order may not be modified or amended without written consent of all parties or order of the Court.

IT IS SO ORDERED this 8th day of    May            , 2017

/s/ Terence P. Kemp
~~JUDGE ALGENON L. MARBLEY~~
United States Magistrate Judge

Agreed by:

/s/Anthony J. Hornbach
Anthony J. Hornbach (0082561)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 352-6721
Facsimile:   (513) 241-4771
Email: Tony.Hornbach@ThompsonHine.com

*Attorney for Defendant Contactability.com LLC*

/s/Steven L. Woodrow (per authority via
email dated 5/4/17)
William McAllum Harrelson, II
FAUST HARRELSON FULKNER
MCCARTHY & SCHLEMMER, LLP
12 S. Cherry Street
Troy, Ohio  45373
Telephone: (937) 335-8324
Facsimile:   (937) 339-7155
Email: Will.Harrelson@fhfmslaw.com

Steven L Woodrow (Admitted Pro Hac Vice)
Patrick H. Peluso (Admitted Pro Hac Vice)
WOODROW & PELUSO, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Telephone: (720) 213-0676
Email: ppeluso@woodrowpeluso.com
Email: swoodrow@woodrowpeluso.com

*Attorneys for Plaintiff*
*Veronica Michleski*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the court's electronic filing system.

*/s/Anthony J. Hornbach*
Anthony J. Hornbach

1123215

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA MICHLESKI, | ) | |
| | ) | Civil Action No.  2:17-cv-57 |
| Plaintiff, | ) | |
| | ) | Judge Algenon L. Marbley |
| v. | ) | Magistrate Judge Terence P. Kemp |
| | ) | |
| CONTACTABILITY.COM LLC d/b/a | ) | **CONFIDENTIAL UNDERTAKING** |
| UnitedStatesInsurance.com, | ) | **(Non Experts and Consultants)** |
| | ) | |
| Defendants. | | |

I hereby certify my understanding that Confidential Information will be provided to me by counsel, pursuant to the terms and restrictions of the Protective Order, entered by the United States District Court for the Southern District of Ohio, in the action entitled *Veronica Michleski v. Contactability.com, LLC,* et al., Case No. 2:17-cv-57.

I further certify that my full name and address are: _____

_____; my present employer is: _____

_____; and the address of my present employment

is: _____; and my present occupation and/or job title or

description is: _____.

I further certify that I have received a copy of the Protective Order and have carefully read and understand the provisions of the Protective Order, and hereby agree to fully comply with the Protective Order and all of its terms and restrictions as such shall apply to me.  I further agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Protective Order.  I further agree that I shall not disclose Confidential Information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Protective Order.

I further certify that upon the termination of this action, or sooner if so requested, I shall return to counsel and/or destroy all Confidential Information in my possession or control, including all copies and excerpts thereof, except that if any Confidential Information is incorporated or referenced in any of my work product, such work product is not required to be returned or destroyed, but will continue to be treated as Confidential Information.

I understand that violation of the Protective Order may be punishable by contempt of Court.

Dated: _____, 2017

_____
(Signature)

_____
Print Name

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA MICHLESKI, | ) | |
| | ) | Civil Action No. 2:17-cv-57 |
| Plaintiff, | ) | |
| | ) | Judge Algenon L. Marbley |
| v. | ) | Magistrate Judge Terence P. Kemp |
| | ) | |
| CONTACTABILITY.COM LLC d/b/a | ) | **CONFIDENTIAL UNDERTAKING** |
| UnitedStatesInsurance.com, | ) | **(Experts and Consultants)** |
| | ) | |
| Defendants. | | |

I hereby certify that I have been retained as a consultant or expert witness in the action entitled *Veronica Michleski v. Contactability.com, LLC*, Case No. 2:17cv57, pending in United States District Court for the Southern District of Ohio.

I further certify my understanding that Confidential Information will be provided to me by counsel, pursuant to the terms and restrictions of the Protective Order, entered by the United States District Court for the Southern District of Ohio (the "Court") in this action.

I further certify that I have been provided a copy of and have read and understand the Protective Order, and hereby agree to fully comply with the Protective Order and all of its terms and restrictions as such shall apply to me. I further agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Protective Order. I further agree that I shall not disclose Confidential Information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Protective Order.

I further certify that upon the conclusion of my involvement in the litigation, I will return and/or destroy all Confidential Information that comes into my possession, and documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained except that if any Confidential Information is incorporated or referenced in any of my work product, such work product is not required to be returned or destroyed, but will continue to be treated as Confidential Information.

I understand that violation of the Protective Order may be punishable by contempt of Court.

Dated: _____, 2017

_____

(Signature)

_____

Print Name